Antonio Guijarro Cobián, Plaintiff and Appellee, *v.* Otilia Lluberas Negroni, Defendant and Appellant.

No. 8206.   Argued March 18, 1941.—Decided May 21, 1941.

*Miguel Marcos Morales,* for appellant.  *Arturo O'Neill* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This case deals with the regulation of the family relations, after a divorce was decreed, of a father—guilty spouse—with his only child begotten in the marriage.

The suit was filed by the father for abandonment. The mother was summoned and she denied having abandoned her husband and filed a cross complaint requesting the dissolution of the marriage on the grounds of having been abandoned by her husband and having been abused and cruelly treated.

The family relations between father and daughter have provoked various incidents. First, on December 20, 1935, before the case was decided, said relations were regulated by judicial order, permitting the father to see his daughter during two days a week in a respectable home in Yauco, selected by him and approved by the mother.

On February 29, 1936, judgment was rendered dismissing the complaint and for the cross-complainant, and as a consequence thereof declaring the marriage bond broken and dissolved, and providing that the child should remain under the care and *patria potestas* of her mother. The judgment was appealed, and pending the review of the case, the father again requested the court to issue a new order granting him the provisional custody of his child, because the mother had left the Island. The court, by order of September 15, 1936, denied the petition.

On the 29th of the same month of September, 1936, the father filed another motion in court requesting an amendment to the order of December 28, 1935, deciding that the child was to be brought to San Juan once every month to spend a day in the home of her paternal grandmother.

The hearing of the motion was set, both parties stipulated that the child be brought to San Juan, a Sunday each month, and the court approved the stipulation on October 21, 1936.

On December 11, 1936, this Court dismissed the appeal filed, affirming the decree of divorce rendered by the district court in the same terms in which it was entered. 50 P.R.R. 686.

Three years passed, and on January 3, 1940, the father requested the court that instead of his child being brought

to San Juan, he be allowed to go for her personally a Friday afternoon every fifteen days, and to return her to her mother or to the person who has her custody, the following Sunday. The mother objected. A long hearing was held—the record has one hundred and eleven pages—and the court finally decided:

"That the child Asunción Guijarro Lluberas be brought to San Juan to her father, Dr. Antonio Guijarro Cobián, or he be allowed to bring her to his home, once a month, in such a way that she may spend the third Saturday of each month with him from 9 A. M. to 5 P. M. and, also, that he may visit his child in Yauco, the first, second and fourth Sunday of each month, in the home of Asunción Negroni widow of Lluberas where she resides, or in a respectable place in Yauco to be designated by the plaintiff and approved by the defendant, also from 9 A. M. to 6 P. M. In the second case, he should send her to the home of the defendant at meal hours to be fed."

The mother appealed from this order and her lawyer filed a memorandum of seventy-five pages which was answered by the father's lawyer with one of ten. We shall not be that extensive. After weighing all the attendant circumstances and taking in consideration the facts of the case that appear from the record, we think that the duty imposed on the mother or maternal grandmother, of bringing the child from Yauco to San Juan the third Saturday of each month, so that she will be with her father from nine in the morning to five in the afternoon, is too hard. To comply with this order, three days would have to be used, or it would be necessary to leave Yauco early in the morning, returning in the small hours of the night, to make the trip in one day. It cannot be forgotten that this is a case of a spouse who was found guilty of abandoning the home and of cruel treatment and grave injuries to the mother, who has shown in her subsequent conduct nothing extraordinary that should justify the measure. The only thing that makes us doubt whether we should modify the order, is that the mother agreed in 1936 that the child be brought to San Juan.

Nevertheless, that doubt disappears when we take into consideration the time elapsed, which showed in practice how difficult it was to comply with what had been stipulated, and the fact that it was the father himself who raised the question again, asking even more, thus giving the mother an opportunity of explaining the whole matter to the court.

Neither do we believe justified the assignment of the first, second and fourth Sundays of the month for the daughter to wait for the visits of her father in Yauco, which implies that the child and the mother or maternal grandmother with whom she lives, are compelled to stay at the disposal of the father three Sundays out of the four which most of the time a month has, when it is known that these days are devoted to various activities in different places, pleasing and even necessary for the happiness of the human beings. If to this we add the duty to bring the child to San Juan every third Saturday of the month, a relation of dependency will be established which should not exist.

We have said that it should not be forgotten that the petitioner is the guilty spouse according to the decree rendered in the divorce suit. Being guilty does not imply the loss of his family relations with his daughter, but may and should be taken in consideration in fixing them, in such a way that he will carry the burden; furthermore giving him the opportunity to show that his love is sincere and that he knows how to overcome any hardship to cultivate and preserve his daughter's affection.

We believe that two days every month as suggested by the father and approved by the mother, from ten in the morning to four in the afternoon, in Yauco, in the home of the mother or of the maternal grandmother, or in any other place that the father and the mother may agree upon, are sufficient, without implying that the child should stay in Puerto Rico, in case that her welfare should require that for health, education, or pleasure she should leave the Island for a while.

We are trying to be just, and we may have perhaps leaned somewhat towards the mother's side, and to avoid that she might interpret it thus and assume an unjustified conduct, we admonish her to perform the duty imposed, and not to create difficulties, so that the father may freely communicate with his daughter in those two occasions each month. Otherwise, the father may appear again before the court which shall decide the situation that might arise according to the facts and the law, guided always by the welfare of the daughter, which requires as something natural, the fostering and preservation of her father's affection.

The order appealed from must be reversed, and in its stead, a new one should be issued in accordance with this opinion.

Mr. Justice Todd, Jr., took no part in the decision of this case.